ROBERT E. ROSENTHAL
ANDREW B. KREEFT
BOHNEN, ROSENTHAL & KREEFT
787 Munras Ave., Suite 200
P.O. Box 1111
Monterey, CA   93942-1111
Telephone: (831) 649-5551
Facsimile:  (831) 649-0272

JOHN J. SANSONE, ESQ., County Counsel
MORRIS G. HILL, Senior Deputy
County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101
Attorney for County Defendants

LAURA E. DUFFY
United States Attorney
BETH A. CLUKEY
Assistant U.S. Attorney
California State Bar No. 228116
Beth.Clukey@usdoj.gov
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7184
Facsimile: (619) 557-5004

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOMMER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, ROB TERWILLIGER, RICK RENDON, MARK RIDLEY, S.D. ADAMS, JOSE CENTANO, COUNTY OF SAN DIEGO MEDICAL EXAMINER'S OFFICE, GLENN N. WAGNER, COUNTY OF SAN DIEGO DISTRICT ATTORNEY'S OFFICE, BONNIE DUMANIS, LAURA GUNN, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 09cv2093-WQH (BGS)<br><br>**THE PARTIES AMENDED JOINT FRCP 26(f) REPORT AND PROPOSED DISCOVERY PLAN**<br><br><br>Magistrate Judge Bernard G. Skomal |

1    NOW COMES Plaintiff, by and through her attorneys of record, co-Defendants County Of San Diego Medical Examiner's Office, Glenn N. Wagner, County of San Diego District Attorney's Office, Bonnie Dumanis, and Laura Gunn ("District Attorney-Medical Examiner Defendants"), by and through their attorneys of record, and co-Defendant the United States, by and through its attorneys of record and, pursuant to Federal Rule of Civil Procedure 26(f) and pursuant to this Court's Orders dated November 22, 2010, and December 17, 2010, and agree on the following proposed discovery plan.

   1.   Counsel for all parties personally conferred on April 5, 2010. Counsel again personally conferred during the week of December 13, 2010, to update and modify their discovery plan. The parties have negotiated in good faith in amending their discovery schedules and are in agreement as to the procedure to follow in accomplishing the remaining discovery without disturbing court-imposed deadlines.

   2.   The parties do not believe that any changes need to be made to the disclosure requirements of Fed.R.Civ.P. 26(a).

   3.   The parties have completed their initial disclosures. The United States issued its initial disclosures on April 20, 2010, amended its initial disclosures on May 18, 2010, and has periodically supplemented its responses pursuant to Fed.R.Civ.P. 26(f). The District Attorney-Medical Examiner issued their initial disclosures on April 21, 2010, and have supplemented their initial disclosures. Plaintiff issued her initial disclosures on April 22, 2010.

   4.   Plaintiff has conducted the deposition of three witnesses. Co-Defendants have done limited expert witness disclosures, and the parties have scheduled two independent medical examinations of Plaintiff, and Plaintiff's deposition, on February 2-4, 2011.

   5.   Discovery Plan. The parties agree the subjects on which discovery has been taken and will continue to be taken related to the following issues: (1) the Naval Criminal Investigative Service's ("NCIS") investigation of the death of Sgt. Sommer; (2) whether the Armed Forces Medical Examiner ("AFIP") was negligent in its testing of the biophysical specimens of Sgt. Sommer; (3) whether District Attorney-Medical Examiner defendants deprived plaintiff of liberty without due process of law within the scope of 42 U.S.C. § 1983; (4) the nature and extent of Plaintiff's alleged damages, economic and/or non-economic ,if any, Plaintiff has suffered as a result of her arrest, conviction and incarceration

following the verdict in People v. Sommer, and (5) the existence of any offsets.

6.     The parties have participated in limited document discovery during the time in which defendant Centeno was a party, and have pursued other discovery, including depositions, since his dismissal from the lawsuit, per court order, on November 3, 2010. The parties have worked cooperatively and have not been dilatory in their pursuit of discovery.

7.     Given the numerous and complex issues involved, as well as the number of potential witnesses, the parties respectfully request a brief extension of the current deadlines as set forth below.

8.     The following is a list of remaining discovery to be completed, with either party-imposed or Court-imposed deadlines:

| **Nature of Discovery** | **Court Deadline** | **Parties' Agreement** |
|---|---|---|
| Discovery cut-off date, including experts | Jan. 14, 2011 | Parties agreement: Fact discovery cut-off: April 20, 2011 |
| Disclosure of experts | Past | March 21, 2011 |
| Disclosure of the identity of rebuttal experts | Past | April 11, 2011 |
| Deadline for filing dispositive motions | February 11, 2011 | April 15, 2010 |
| Expert witness reports due | Past | May 9, 2011 |
| Supplemental expert witness reports due | Past | May 23, 2011 |
| Expert witness discovery deadline | January14, 2011 | June 20, 2011 |
| Memoranda of Contentions of Fact and Law | April 25, 2011 | June 28, 2011 |
| Pre-trial disclosures | April 25, 2011 | June 28, 2011 |
| Meet and confer under Local Rule 16.1(f)(4) | May 2, 2011 | July 7, 2011 |
| Objections to Pre-trial disclosures | May 9, 2011 | July 14, 2011 |
| Proposed Final Pretrial Order | May 9, 2011 | July 14, 2011 |
| Final Pretrial Conference | May 16, 2011, 11:00 a.m. | July 21, 2011, 11:00 a.m. |

9.     Plaintiff has requested extensions for responding to written discovery propounded by District Attorney-Medical Examiner defendants that is currently outstanding, and plaintiff has agreed to respond to follow-up written discovery, if any, that may be propounded within a reasonable time after

plaintiff provides those responses.

10. Specifically identified elements of the Honorable Bernard Skomal are as follows:

i. Specific documents or categories of documents: the parties agree that all court documents and documents exchanged between the prosecution and defense in the People v. Sommer criminal case are discoverable in this action, including the investigation, and all such documents have been produced, except the United States expects to review and produce additional documents regarding NCIS' investigation, in the near future. Likewise, the parties agree discovery is limited to these issues, except for discovery relating to Plaintiff's damages, if any.

ii. Limited discovery for reasonable settlement evaluation: Plaintiff – depositions of Rob Terwilliger, Rick Rendon, S.D. Adams, Glenn Wagner, Bonnie Dumanis, and Laura Gunn. Co-Defendant District Attorney-Medical Examiner defendants: Plaintiff. Co-Defendant the United States: Plaintiff. Also, separate Independent Medical Examinations (2) of Plaintiff by Defendants.

iii. Procedure for addressing privileged documents and use of clawback agreement: the parties have produced privilege logs identifying certain documents that were not produced, or were produced after material was redacted. No protective order is in place. If needed, the parties will enter into a protective order, pursuant to which unredacted documents will be exchanged. No clawback agreement is in place, although the parties have followed this approach. The parties will agree to a written clawback agreement in the near future.

iv. Use of a protective order: a protective order is not yet in place and the parties have operated without one. However, if one is needed, the parties will enter into such an agreement.

v. Electronically stored information: the parties have agreed to produce non-privileged and non-confidential documents previously stored in electronic format that were printed and retained in relation to People v. Sommer.

Dated: December 21, 2010          /s/ Andrew B. Kreeft
                                  Andrew B. Kreeft
                                  BOHNEN, ROSENTHAL & KREEFT
                                  Attorneys for Plaintiff

Dated: December 21, 2010          Laura E. Duffy
                                  United States Attorney

```
                                        /s/ Beth A. Clukey
                                        Beth A. Clukey
                                        Assistant U.S. Attorney


Dated: December 21, 2010                John J. Sansone
                                        County Counsel


                                        /s/ Morris G. Hill
                                        Morris G. Hill
                                        Senior Deputy

                                        Attorneys for Defendants Bonnie Dumanis, Laura
                                        Gunn, Glenn Wagner, San Diego County Medical
                                        Examiners Office, and San Diego County District
                                        Attorney's Office
```