UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOMMER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, COUNTY OF SAN DIEGO MEDICAL EXAMINER'S OFFICE, GLENN N. WAGNER, COUNTY OF SAN DIEGO DISTRICT ATTORNEY'S OFFICE, BONNIE DUMANIS, LAURA GUNN,<br><br>　　　　Defendants. | Case No. 09cv2093-WQH (BGS)<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR EXTENSION OF TIME**<br><br>**[Doc. No. 99.]** |

Currently before the Court is the parties' Joint Motion to Extend Expert Report Disclosure, Expert Discovery Cut-off and Motion Filing Deadline and to Allow For Depositions of Retained Experts." (Doc. No. 99.) Pursuant to Local Civil Rule 7.1(d)(1), the Court finds this matter suitable for decision without oral argument  For the reasons set forth below, the Joint Motion is **GRANTED in part**.

////

////

**Procedural Background**

Plaintiff, Cynthia Sommer, filed this lawsuit on September 24, 2009. (Doc. No. 1.) Magistrate Judge William McCurine held an Early Neutral Evaluation Conference on March 12, 2010. (Doc. No. 25.) The parties did not settle the case, therefore, Judge McCurine issued an Order Setting Rule 26 Compliance and a Case Management Conference. (Doc. No. 26.) Pursuant to that order the parties lodged a joint Rule 26 report and proposed discovery plan. All parties agreed to make initial disclosures and no party objected to the commencement of discovery. On April 26, 2010, Judge McCurine held a telephonic Case Management Conference and issued a Scheduling Order. (Doc. Nos. 30-31.) The Scheduling Order set forth deadlines for completing all discovery, providing expert reports, filing pretrial motions; as well as a date for the pretrial conference. Specifically, the Scheduling Order allotted more than eight months for the parties to complete discovery. (Doc. No. 31.)

**1. First Request for an Extension**

On October 1, 2010, the parties filed a Joint Motion to: (1) dismiss defendant Centano in his individual capacity, and (2) extend the time to complete discovery and continue pretrial dates. (Doc. No. 61.) On November 3, 2010, the Hon. William Q. Hayes dismissed defendant Centano from the case and referred the motion to continue dates and deadlines to the undersigned. (Doc. No. 62.) The parties jointly requested that the Court continue all dates and deadlines by five months because prior to defendant Centano's dismissal, the United States, citing *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1953 (2009), took the position that all discovery was stayed pending a determination of qualified immunity. (Doc. No. 61.) The Court determined that the reasoning applied in *Iqbal* did not apply to this case, and that good cause did not exist to grant such a long extension. (Doc. No. 63.) Accordingly, the Court denied the parties' motion without prejudice. (*Id*.) Nonetheless, the Court set a further Case Management Conference in order to talk to the parties about their need for an extension. (*Id*.)

In addition to setting a further Case Management Conference, the Court requested that the parties file a revised discovery plan on or before December 9, 2010. (*Id*.) The parties, however, did not file their discovery plan until December 21, 2011. (Doc. No. 65.) The parties proposed discovery plan requested a fact discovery deadline of April 20, 2011; a motion filing deadline of April 15, 2011; an expert discovery deadline of June 20, 2011; and that the final pretrial conference be set for July 21,

2011. (*Id*. at 3.) The parties proposal specifically stated that: "The parties have negotiated in good faith in amending their discovery schedules and are in agreement as to the procedure to follow in accomplishing the remaining discovery without disturbing court-imposed deadlines." (*Id*.)

On December 27, 2011, the Court held a lengthy Case Management Conference. (Doc. No. 67.) During the conference the Court made clear that it intended to manage this case closely and that the parties were expected to strictly adhere to all dates and deadlines. Significant time was spent discussing what discovery remained outstanding and why that discovery could not be completed on time. Plaintiffs identified 10 fact witness depositions that still needed to be taken and Defendants represented that the only significant piece of discovery that they needed to secure would be Plaintiff's deposition. Thereafter, the Court entered an Amended Scheduling Order granting the parties' request and setting April 4, 2011 as the fact discovery deadline; June 1, 2011 as the deadline for completing expert discovery; April 15, 2011 as the deadline to file dispositive motions; and the pretrial conference for July 25, 2011. (Doc. No. 68.)

**2. Second Request for an Extension**

On April 14, 2011, the parties filed another Joint Motion to Extend Discovery and Pretrial Dates, and to Modify Case Management Conference Order. (Doc. No. 70.) Despite the fact that all fact discovery was to be completed by April 4, 2011, the parties requested until August 1, 2011—four additional months—to complete fact discovery. (*Id*.) In addition to requesting more time to complete fact discovery, the parties asked to extend all other deadlines by at least four months. (*Id*.) In response, the Court set a further Case Management Conference to learn what specific discovery remained outstanding and why that discovery was not completed in the time allotted. (Doc. No. 73.)

The Case Management Conference was held on April 25, 2011. (Doc. No. 75.) The Court spent more than two hours going over exactly what written discovery remained outstanding, which depositions the parties had completed and how many still needed to be taken, how much time the parties wanted for expert discovery, and what specific discovery was necessary before Defendants could file motions for summary judgment. Plaintiff represented that she needed to take 11 more fact witness depositions and Defendants only needed to complete Plaintiff's deposition. In addition, the parties represented that they planned to only take three to four expert depositions.

1    During this conference the parties agreed that if the Court granted them additional time to
2 complete fact discovery, they could conduct expert discovery simultaneously.  Specifically, the parties
3 suggested a schedule where experts would serve written reports by July 1, 2011 and rebuttal reports by
4 July 15, 2011; and expert depositions would be completed by September 2, 2011.  Initially the parties
5 even proposed a motion filing deadline less than two weeks after the close of fact discovery and prior
6 to the completion of expert discovery—August 12, 2011—and suggested that the final pretrial
7 conference take place November 21, 2011.

8    With that in mind, the Court informed the parties that it would issue an amended schedule
9 allowing fact and expert discovery to overlap, but would not grant any future request to continue expert
10 discovery based on the need to complete fact discovery.  In the end, the Court amended the schedule
11 to reflect the parties' requested deadlines but slightly revised their proposal to reflect a more plausible
12 deadline for filing dispositive motions as well as a pretrial conference date that would take place after
13 the court would hear and rule on those motions. (Doc. No. 76.)  Therefore the Court set August 1, 2011
14 as the fact discovery deadline; August 29 and September 12, 2011 as the deadlines for serving expert
15 reports and rebuttal reports; October 12, 2011 for the completion of expert discovery, including
16 depositions; and  October 31, 2011 as the last day to file dispositive motions.  (*Id*.)  The final pretrial
17 conference was reset for April 23, 2012.  (*Id*.)

18    **3.    Third Request for an Extension**

19    On July 25, 2011, Plaintiff filed an ex parte application to extend discovery to complete five fact
20 witness depositions.  (Doc. No. 95.)  Plaintiff requested to extend fact discovery until September 2,
21 2011, for the limited purpose of deposing Dr. Stanley Adams, Dr. Brian Legendre, John Trestrail,
22 Stephen A. Long, and Genaro Ramirez. (*Id*.)  Plaintiff had attempted to schedule these depositions to
23 take place prior to the August 1, 2011 deadline, but various scheduling conflicts necessitated an
24 extension. (*Id*.)  The parties had met and conferred regarding the requested extension and counsel for
25 the San Diego County Defendants confirmed that they did not oppose Plaintiff's request.

26    On July 26, 2011, in response to Plaintiffs' ex parte application, Defendants requested an
27 extension of expert witness discovery and the motion filing deadline. (Doc. No. 96.)  Although the
28 Court informed Defendants that any extension of fact discovery would not be considered good cause

to further extend expert deadlines, Defendants contended that their experts required testimony of certain fact witnesses to properly prepare written reports. (*Id.*) Defendants proposed extending all expert discovery deadlines by one month—requesting that expert reports be due September 30, rebuttal reports be due by October 14, 2011, and that the overall expert discovery deadline be moved to November 14, 2011. (*Id.*) Defendants also requested that the motion filing deadline be extended two months: from October 31, 2011 to December 30, 2011. (*Id.*)

The Court granted Plaintiff's ex parte application and ordered that the depositions of Dr. Stanley Adams, Dr. Brian Legendre, John Trestail, Stephen A. Long, and Genaro Ramirez be completed by September 2, 2011. (Doc. No. 97.) Additionally, the Court extended the time to take the depositions of Bonnie Dumanis and Laura Gunn until September 2, 2011. (*Id.*) The Court, however, denied without prejudice Defendants' request to extend expert and motion filing deadlines because they did not include a declaration: (1) confirming that they had met and conferred with Plaintiff regarding their request, and (2) detailing the steps taken to comply with the current deadlines and specific reasons why the deadlines cannot be met. (*Id.*)

**4. Fourth Request for an Extension**

On August 5, 2011, the parties filed the currently pending Joint Motion to Extend Expert Report Disclosure, Expert Discovery Cut-Off and Motion Filing Deadline and to Allow for Depositions of Retained Experts. (Doc. No. 99.) Pursuant to the operative scheduling order, the parties designated their testifying experts on July 15 and July 29, 2011. Plaintiff designated 16 experts, the United States designated six experts, and Defendants Dumanis, Gunn and Wagner collectively designated seven experts. (*Id.*) The parties contend that the present schedule does not provide sufficient time for all the retained experts to provide "reasonably complete" reports because the parties have yet to complete fact witness depositions. (*Id.*) The parties also argue that they need more than one month to take depositions of the 28 different retained experts. (*Id.*) Lastly, the parties would like more time to prepare and file motions for summary judgment. (*Id.*)

The current motion requests that the deadlines to serve expert reports be continued to September 30 and that rebuttal reports be served by October 14, 2011. (*Id.*) The parties also requested more time to complete expert depositions and file dispositive motions. (*Id.*) Although as recently as July 26, 2011,

1 Defendants asked that the completion of expert discovery only be continued until November 16, 2011,
2 the current motion asks to extend expert discovery to December 16, 2011—an entire additional month.
3 (*Id*.) Similarly, on July 26, 2011, Defendants requested that the motion filing deadline be moved to
4 December 30, 2011, but now want the deadline extended to January 30, 2011. (*Id*.)

**Legal Standard**

Federal Rule of Civil Procedure 6(b) permits the court, for good cause, to extend the time for an act to be completed if a request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Similarly, Rule 16(b)(4) provides that a schedule may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause standard' primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). In order to satisfy the good cause standard, the party seeking the extension must show that, "even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. Southern Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (citing *Johnson,* 975 F.2d at 609.)

**Analysis**

Deadlines imposed under a Rule 16 scheduling order are not mere suggestive guideposts; they are meaningful deadlines established by the Court, in consultation with the litigants, and are intended to result in the prompt and efficient adjudication of controversies. In this case, the Court significantly adjusted the scheduling order twice based on the requests and representations of the litigants. On December 27, 2010, the Court granted their request to continue and set the expert discovery deadline for June 1, 2011. (Doc. Nos. 65, 68.) The Court granted this generous extension despite the fact that the parties conducted essentially no discovery during the eight months following the initial Case Management Conference. The parties returned on April 14, 2011, to request further extensions. Notably, the parties requested extensions of dates that passed before the joint motion was filed. (Doc. No. 70. at 3.) When the Court held a conference on April 25, 2011, to discuss their need for additional time, the parties agreed to overlap fact and expert discovery, agreed that continuances of expert

discovery would not be granted on the basis that fact discovery remained outstanding, agreed to complete all expert discovery by October 12, 2011, and represented that they would be designating about four expert witnesses and could file dispositive motions shortly after completing expert discovery. Although it became clear that the parties had not accomplished much more than taking a few depositions since the last amendment to the schedule, the Court agreed to accommodate counsel's need for more time but made clear that they should not expect to receive any further continuances.

Now the parties are back again to ask for more time. Instead of designating four experts, as previously represented the parties identified 28 different retained experts and want to extend the expert discovery cutoff by two months to take their depositions. Instead of filing dispositive motions two weeks after completing expert discovery, the parties now want two months to prepare those motions. If it is true that the parties have acted diligently in their approach to discovery to date, then it appears that they severely underestimated the time that they would need to prepare this case for trial.

Before this Court issued the scheduling orders in this case, it took time to thoughtfully review the file and analyze what would be a reasonable and expeditious schedule for the parties to follow. The Court expected that counsel had done the same. Nevertheless, because it appears that since April 2011 the parties have worked diligently to comply with the schedule, yet are unable to do so, the Court will grant a brief extension of the expert discovery deadlines and deadline to file dispositive motions.

The Court, however, is not persuaded that the parties should receive more than one month to take expert depositions. Although Rule 26(b)(4) states that "a party may depose any person who has been identified as an expert whose opinions may be presented at trial," Rule 26 also acknowledges the court's authority to alter the limits or manner of conducting discovery. *See In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1557 (9th Cir.1994) ("[d]istrict judges have broad discretion and a range of tools that allow them to control the extent and timing of discovery"), superseded by statute on other grounds. One reason that Rule 26 requires an extensive written expert reports is so that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial." *Chappel v. SBC-Ameritech*, 2007 WL 2076028, *1 (N.D. Ill.2007); *see also Bonesmo v. Nemours Foundation*, 253 F.Supp.2d 801, 811 (D. Del.2003) (because Rule 26(a)(2) requires a detailed report, "the opposing party is not required to depose the expert to develop what his opinion is or the reasons for it"). The Advisory Committee

Notes to the 1993 Amendments to Rule 26(a)(2) suggest that a comprehensive expert report may result in an abbreviated expert deposition "and in many cases . . . may eliminate the need for a deposition." *Cf. Salgado v. General Motors Corp.*, 150 F.3d at 742 n. 6 ("The [expert] report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources."). Because the parties designated 28 different retained experts, counsel are advised that they may need to take more than one expert deposition each day and may also need to be selective when deciding which experts to depose.

Accordingly, the Court **GRANTS** the motion as follows: (1) written expert reports must be served no later than **September 30, 2011**; (2) reports intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) must be served no later than **October 14, 2011**; (3) the parties will need to coordinate and schedule all expert witness depositions so that they are completed no later than **November 18, 2011**; (4) the deadline to file pretrial motions, other than motions in limine and motions to amend is **December 16, 2011.**

No other dates or deadlines are affected by this order. The parties are further advised that no additional continuances will be granted absent extraordinary circumstances. And any future request to amend the schedule must be accompanied by a declaration from lead trial counsel for the party requesting the continuance. The declaration must set out, in detail, the extraordinary circumstances supporting the need for an extension and how the party proceeded diligently in an attempt to comply with the deadline.

IT IS SO ORDERED.

DATED: September 8, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court