UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOMMER, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, COUNTY OF SAN DIEGO MEDICAL EXAMINER'S OFFICE, GLENN N. WAGNER, COUNTY OF SAN DIEGO DISTRICT ATTORNEY'S OFFICE, BONNIE DUMANIS, LAURA GUNN, <br><br> Defendants. | Case No. 09cv2093-WQH (BGS) <br><br> **ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION TO AMEND SCHEDULING ORDER** <br><br> **[Doc. No. 107]** |

**Procedural Background**

Plaintiff, Cynthia Sommer, filed this lawsuit on September 24, 2009. (Doc. No. 1.) On April 26, 2010, Magistrate Judge William McCurine issued a scheduling order. (Doc. No. 30.) The Scheduling Order set May 24, 2010 as the deadline for moving to amend the pleadings. *Id.* The parties, however, only conducted limited document discovery prior to dismissing Plaintiff's claim against Jose Centeno in his individual capacity. (Doc. No. 65.) Pursuant to the most recent scheduling orders, all

1  fact discovery was to be completed by September 2, 2011 and all expert discovery was to be completed
2  no later than November 18, 2011.  (Doc. Nos.  97, 101.)

### Ex Parte Application to Amend Scheduling Order

On December 12, 2011, Plaintiff filed an Ex Parte Application to Amend the Court's Scheduling Order to permit Plaintiff to file a motion to amend the complaint. (Doc. No. 107.)  Plaintiff argues that deposition testimony from 16 fact witnesses revealed new evidence supporting her conspiracy and *Deveauraux* claims.  Plaintiff further argues that the newly discovered facts will bolster the claims in the original complaint but will not plead new claims or name new parties. (Doc. No. 107 at 5.)

### A.  Legal Standard

Federal Rule of Civil Procedure 16 states that "A schedule may be modified only for good cause and with the judge's consent."  When the motion to extend time is made after time has expired, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect."  Fed. R. Civ. P 6(b)(1).  The determination of excusable neglect takes into account: "(1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith."  *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234-35 (D. Kan. 2007).

"When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing '(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order.'" *Hood v. Hartford Life and Accident Ins. Co.*, 567 F.Supp. 2d 1221, 1225-26 (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999) (citations omitted)).

///

///

**B. Analysis**

Fact depositions began in this case more than one year ago. (Doc. No. 65 at 2.) And in April 2011, the parties requested to amend the scheduling order a second time, but Plaintiff made no mention of needing to amend the complaint in order to incorporate new facts learned during discovery. In July 2011, Plaintiff requested court approval to take more than 10 fact witness depositions because "recent discovery" revealed the need to depose four additional witnesses. (Doc. No. 93.) Plaintiff, however, did not mention the potential need to amend the scheduling order to file a motion to amend the complaint based on what was learned during the recent discovery. Moreover, in August 2011, the parties requested that the scheduling order be amended once again to allow more time to complete expert discovery. (Doc. No. 99.) Nevertheless, Plaintiff did not request that the schedule also be amended to allow her to file a motion to amend the pleadings based on what was learned during discovery thus far.

Notably, Plaintiff should have completed all fact witness depositions more than three months prior to bringing this motion—the Court specifically ordered that the last fact witness depositions be completed by September 2, 2011. (Doc. No. 97.) Thus, it appears Plaintiff did not file the instant request for amendment promptly after ascertaining the need to do so, especially since the stated need is based on information gleaned from depositions.

Additionally, there is an indication that Defendants will be unduly prejudiced by allowing Plaintiff to amend the scheduling order for the purpose of filing a motion to amend the complaint after discovery has ended. Plaintiff's request to amend the scheduling order was made less than 10 days before the December 16, 2011 dispositive motions filing deadline. Plaintiff has not shown any justification for failing to move to amend the scheduling order and her complaint earlier in the litigation. At a minimum, Plaintiff should have moved to amend the scheduling order and the complaint around October 20, 2011, when counsel determined that the complaint needed to be amended. *See* Decl. Barber, Doc. No. 107 at 7 (stating that on October 20, 2011, Plaintiff's counsel attempted to reach an agreement with Defendants to permit the filing of an amended complaint).

In order for the Court to determine that Plaintiff was diligent in seeking amendment, Plaintiff must first specify what new and previously unavailable facts she learned during depositions and the

1 particular dates these facts were learned.  Plaintiff must also specify why the need to amend the
2 pleadings could not have been reasonably foreseen or anticipated during any of the previous
3 amendments to the scheduling order.  In addition, Plaintiff must adequately explain why she waited at
4 least three months after learning the new facts before filing her motion to amend.  Accordingly, the
5 Court does not find that Plaintiff has established good cause to amend the schedule at this late stage in
6 the case.  Plaintiff's request to amend the scheduling order so that she can file a motion to amend the
7 complaint is **DENIED** without prejudice.

8     IT IS SO ORDERED.

10 DATED: December 21, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court