UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOMMER,<br><br>                           Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA, ROB TERWILLIGER, RICK RENDON, MARK RIDLEY, S.D. ADAMS, JOSE CENTENO, COUNTY OF SAN DIEGO MEDICAL EXAMINER'S OFFICE, GLENN N. WAGNER, COUNTY OF SAN DIEGO DISTRICT ATTORNEY's OFFICE, BONNIE DUMANIS, LAURA GUNN, and DOES 1 through 100, inclusive,<br><br>                           Defendants. | CASE NO. 09cv2093 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Objection to Order Denying Defendant Dumanis' Motion to Compel Production of Documents filed by Defendant Bonnie Dumanis. (ECF No. 106).

**I.    Background**

On September 24, 2009, Plaintiff Cynthia Sommer initiated this action by filing the Complaint. (ECF No. 1). Plaintiff alleges that Plaintiff's husband, Todd Sommer, a 23-year-old Sergeant in the United States Marine Corps, died of a cardiac arrhythmia in February of 2002. Plaintiff alleges that the results of an autopsy showed that Todd Sommer died of natural causes.

Plaintiff alleges that "Defendants refused to accept those results and embarked upon an investigation intended to find criminal conduct" by Plaintiff. *Id.* at ¶ 21. Plaintiff alleges that Defendants had tissue samples tested and "purportedly found extremely high levels of arsenic in two of six tissue samples," which shows "the samples were negligently or intentionally contaminated" because "arsenic is ubiquitous." *Id.* at ¶ 24. Plaintiff alleges that all of the tissue samples, as well as Todd Sommer's blood and urine, "should have shown high levels of arsenic" if the test results were accurate. *Id.*

Plaintiff alleges "[d]uring their investigation prior to Mrs. Sommer's arrest, Defendants consulted with several qualified independent forensic toxicologists . . . . [who] refused to concur in the results of the testing performed by [the prior laboratory because] the results were demonstrably false." *Id.* at ¶ 29. Plaintiff alleges one such expert, Dr. Poklis, "a highly respected forensic pathologist and ... leading expert in arsenic poisoning," told Defendants there was "no evidence that Todd Sommer died of arsenic poisoning" and that the test results were "false."[1/] *Id.* at ¶ 30. Plaintiff alleges Defendants Dumanis and Gunn "knew or should have known during the investigation ... that there was no evidence" that Plaintiff killed Todd Sommer. *Id.* at ¶ 32.

Plaintiff alleges that she was wrongfully tried and convicted for murdering her husband. Plaintiff alleges that her conviction was overturned and she was granted a new trial on November 30, 2007. *Id.* at 52. Plaintiff alleges her criminal defense attorney sought access to the additional tissue samples, and Defendant Gunn twice told Plaintiff's attorney that the samples "no longer existed." *Id.* at ¶ 53. Plaintiff alleges that "without notifying Mrs. Sommer or her attorney" that the samples had been located, Defendants had these additional samples "tested at a highly respected private testing facility in Canada." *Id.* at ¶ 54. Plaintiff alleges that "[n]one of the tissue samples showed the presence of any arsenic whatsoever .... prov[ing] ... Mrs. Sommer had been convicted of a crime that had never occurred." *Id.* Plaintiff alleges that Defendants Dumanis and Assistant District Attorney Laura Gunn refused to dismiss the criminal

---

[1/] Dr. Poklis testified as an expert on behalf of Plaintiff Sommer during the criminal trial. *See* ECF Nos. 91 at 2; 104 at 5).

1  charges against her with prejudice and continued to investigate her even after she had been
2  released. *Id.* at ¶ 58.
3       Plaintiff asserts a claim for violation of her Fourth, Fifth, and Fourteenth Amendments
4  rights pursuant to 42 U.S.C. § 1983, against the "State Defendants" including Dumanis and
5  Gunn. *Id.* at ¶¶ 3, 63. Plaintiff alleges that the State Defendants "knew or had reason to know
6  that the results of the testing conducted by [the laboratory] were corrupt, false, fabricated, and
7  completely lacking in credibility." *Id.* at ¶ 64. Plaintiff alleges the State Defendants "knew or
8  should have known that the deliberate fabrication of false evidence . . . would result in
9  [Plaintiff's] wrongful arrest, incarceration, and subsequent conviction . . . ." *Id.* at ¶ 65.
10      On June 10, 2011, Defendant Dumanis filed a Motion to Compel Further Discovery.
11 (ECF No. 82). On October 3, 2011, the Honorable Magistrate Judge Bernard G. Skomal issued
12 an Order Denying Defendant Dumanis's Motion to Compel Production of Documents. (ECF
13 No. 104). On October 17, 2011, Defendant Dumanis filed the Objection to Order Denying
14 Defendant Dumanis' Motion to Compel Production of Documents. (ECF No. 106).
15 **II.   Discussion**
16      Defendant Dumanis objects the Magistrate Judge's denial of the motion to compel
17 production of documents responsive to the request for production numbers 12, 13, 19, 20, 21,
18 25, 26, 27, 34, 35, 36, 38, 39, 40, 41, 44, 45, and 46 which was served on Plaintiff on September
19 22, 2010.
20      "Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may
21 reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly
22 erroneous or contrary to law.'" *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc*., 712 F.2d
23 1324, 1325 (9th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a)
24 ("[t]he district judge in the case must consider timely objections [to nondispositive matters] and
25 modify or set aside any part of the order that is clearly erroneous or is contrary to law.").
26 "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *See*
27 *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "Review under the
28 clearly erroneous standard is significantly deferential, requiring a definite and firm conviction

that a mistake has been committed." *Concrete Pipe & Prod. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

### A.  Requests for Production Numbers 25, 26, 27, 40, and 46

Defendant Dumanis contends that Plaintiff has implicitly waived attorney-client privilege regarding communications and implicitly waived work product immunity regarding documents responsive to requests for production numbers 25, 26, 27, 40, and 46. Defendant Dumanis contends that Plaintiff waived any privilege regarding "communications between plaintiff's criminal defense counsel and Dr. Poklis" on the grounds that the complaint alleges that Dr. Poklis told Dumanis that the arsenic evidence was false. (ECF No. 106-1 at 19). Defendant Dumanis contends that Plaintiff waived any work product immunity regarding defense counsel's case notes on the grounds that the complaint alleges that prosecutor Gunn told Plaintiff's defense counsel twice that tissue samples no longer existed.

Requests for production number 25, 26, and 46 encompass communications between Plaintiff's criminal defense counsel and Dr. Poklis. Request for production number 25 seeks: "All documents that mention or relate to Robert Udell [one of Plaintiff's trial defense attorneys]." (ECF No. 106-2 at 49). Request for production number 26 seeks: "All documents that mention or relate to Allen Bloom [one of Plaintiff's trial defense attorneys]." *Id*. Request for production number 46 seeks: "'Plaintiff's Criminal Attorney notes re: potential experts' identified on Plaintiff Cynthia Sommer's FRCP Rule 26(b)(5) Privilege Log dated April 20, 2010." *Id*. at 51.

Requests for production numbers 27 and 40 encompass Plaintiff's attorney's notes regarding the availability of tissue samples. Request for production number 27 seeks: "All documents that relate or refer to testing or re-testing of tissues of other items from Todd Sommer's autopsy." *Id*. at 49. Request for production number 40 seeks: "'Plaintiff's Criminal Attorney notes re: additional testing' identified on Plaintiff Cynthia Sommer's FRCP Rule 26(b)(5) Privilege Log dated April 20, 2010." *Id*. at 50.

The Magistrate Judge correctly found that the issue in this case is whether Defendants continued their investigation despite the fact that they knew or should have known that the plaintiff was innocent. *See Devereaux v. Abbey,* 263 F.3d 1070, 1075-76 (9th Cir. 2001).

The Magistrate Judge correctly found that the documents requested qualify as protected work product. The work product doctrine is not an assertion of a privilege, but an assertion of a qualified immunity. *See Admiral Ins. v. United States Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989). The work product doctrine protects from discovery material obtained and prepared by an attorney or the attorney's agent in anticipation of litigation or preparation for trial. *See* Fed.R.Civ.P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 509-12 (1947). The primary purpose of the work product rule is to "prevent exploitation of a party's efforts in preparing for litigation." *Admiral Ins.*, 881 F.2d at 1494.

The doctrine of implied waiver exists to prevent a party from using the attorney-client privilege or work product immunity as both a shield and a sword. *See e.g., Chevron Corp. v. Penzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). To determine whether implied waiver applies, the Court of Appeals for the Ninth Circuit follows a three-part test:

> First, the court considers whether the party is asserting the "privilege as the result of some affirmative act, such as filing suit." Second, the court examines whether "through this affirmative act, the asserting party puts the privileged information at issue." Finally, the court evaluates whether "allowing the privilege would deny the opposing party access to information vital to its defense."

*United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (quoting *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citations omitted)). "When the sought-after evidence is 'only one of several forms of indirect evidence about an issue,' the privilege has not been waived." *Id.* (quoting *Hamilton v. Lumsden (In re Geothermal Resources Int'l, Inc.)*, 93 F.3d 648, 653 (9th Cir. 1996) (per curiam) (internal citations omitted)).

The Magistrate Judge correctly concluded that Plaintiff's *Devereaux* claim "is not predicated on what she or her attorney knew during the criminal proceedings. Rather, her claim is based on what Defendants knew at that time." (ECF No. 104 at 10).

However, Plaintiff has made affirmative allegations in the Complaint implicitly waiving privilege or immunity as follows: (1) Plaintiff alleges that Dr. Poklis, "a highly respected

forensic pathologist and ... leading expert in arsenic poisoning," told Defendants there was "no evidence that Todd Sommer died of arsenic poisoning" and that the test results were "false;" (2) Plaintiff alleges that her criminal defense attorney sought access to the additional tissue samples, and Defendant Gunn twice told Plaintiff's attorney that the samples "no longer existed," and "without notifying Mrs. Sommer or her attorney" that the samples had been located, Defendants had these additional samples tested. (ECF No. 1 at ¶¶ 30, 53-54). Plaintiff's allegations are relevant to whether Defendants continued their investigation despite the fact that they knew or should have known that Plaintiff was innocent. *See Devereaux v. Abbey,* 263 F.3d 1070, 1075-76 (9th Cir. 2001). The Court finds that allowing the privilege or immunity to apply would deny Defendant access to information vital to its defense. Unless Plaintiff withdraws the allegations, Plaintiff may not rely on privilege or immunity to prevent discovery. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992).

The Court concludes that, to the extent the discovery order disallowed discovery of documents addressing the specific allegation that Dr. Poklis, "a highly respected forensic pathologist and ... leading expert in arsenic poisoning," told Defendants there was "no evidence that Todd Sommer died of arsenic poisoning" and that the test results were "false," the order is not supported by law. (ECF No. 1 at ¶ 30). Defendant Dumanis is entitled to discovery of communications between Plaintiff's criminal defense counsel and Dr. Poklis regarding whether Dr. Poklis told Defendants that there was "no evidence that Todd Sommer died of arsenic poisoning" and that the test results were "false." *Id.* Defendant Dumanis's Motion to Compel Production of Documents responsive to requests for production numbers 25, 26, and 46 is GRANTED with respect to communications between Plaintiff's criminal defense counsel and Dr. Poklis regarding whether Dr. Poklis told Defendants that there was "no evidence that Todd Sommer died of arsenic poisoning" and that the test results were "false." *Id.*

The Court concludes that, to the extent the discovery order disallowed discovery of documents addressing the specific allegation that Plaintiff's criminal defense attorney sought access to additional tissue samples and Defendant Gunn twice told Plaintiff's attorney that the samples "no longer existed," and "without notifying Mrs. Sommer or her attorney" that the

1  samples had been located, Defendants had these additional samples tested; the order is not
2  supported by law. (ECF No. 1 at ¶¶ 53-54). Defendant Dumanis is entitled to discovery of
3  Plaintiff's attorney's notes regarding whether Defendant Gunn told Plaintiff's attorney that tissue
4  samples "no longer existed" and whether Plaintiff's attorney was notified that additional tissue
5  samples had been located. *Id*. Defendant Dumanis's Motion to Compel Production of
6  Documents responsive to requests for production numbers 27 and 40 is GRANTED with respect
7  to whether Defendant Gunn told Plaintiff's attorney that tissue samples "no longer existed" and
8  whether Plaintiff's attorney was notified that additional tissue samples had been located. *Id*.

9       Plaintiff shall produce any additional documents responsive to requests for production
10 numbers 25, 26, 27, 40, and 46 by no later than ten days from the date of this Order. *See* (ECF
11 No. 1 at ¶¶ 30, 53-54). Defendant may file an additional motion to compel no later than twenty-
12 five days from the date of this Order.

13      **B.**    **Requests for Production Numbers 12, 13, 34, 35, 36, 38, 39, 41, 44, and 45**

14      Defendant Dumanis also contends that Plaintiff has implicitly waived attorney-client
15 privilege regarding communications and implicitly waived work product immunity for all
16 communications and documents in the criminal case file by asserting the current suit.

17      Requests for production numbers 12, 13, 34, 35, 36, 38, 39, 41, 44, and 45 seek the entire
18 case file from the underlying murder trial. Request for production number 12 seeks: "All
19 documents that relate or refer to arsenic poisoning." (ECF No. 106-2 at 27). Request for
20 production number 13 seeks: "All documents that relate or refer to arsenic speciation." *Id*.
21 Request for production number 34 seeks: "The 'Research re: arsenic poisoning' identified on
22 Plaintiff Cynthia Sommer's ... Privilege Log ...." *Id*. at 50. Request for production number 35
23 seeks: "The 'Research re: discovery issues' identified on Plaintiff Cynthia Sommer's ... Privilege
24 Log ...." *Id*. Request for production number 36 seeks: "'Plaintiff's Criminal Attorney notes re:
25 research on discovery issues' identified on Plaintiff Cynthia Sommer's ... Privilege Log ...." *Id*.
26 Request for production number 38 seeks: "'Plaintiff's Criminal Attorney correspondence with
27 defense investigator re: defense investigation' identified on Plaintiff Cynthia Sommer's ...
28 Privilege Log ...." *Id*. Request for production number 39 seeks: "'Plaintiff's Criminal Attorney

1  notes re: character evidence' identified on Plaintiff Cynthia Sommer's ... Privilege Log ...." *Id*.
2  Request for production number 41 seeks: "The 'Correspondence between co-counsel regarding
3  case strategy' identified on Plaintiff Cynthia Sommer's ... Privilege Log ...." *Id*. Request for
4  production number 44 seeks: "'Plaintiff's Criminal Attorney correspondence with defense
5  investigator re: purchase of arsenic' identified on Plaintiff Cynthia Sommer's ... Privilege Log
6  ...." *Id*. at 51. Request for production number 45 seeks: "The 'Case research re: fatal arsenic
7  poisoning' identified on Plaintiff Cynthia Sommer's ... Privilege Log ...." *Id*.

8  The Magistrate Judge correctly found that "[t]he documents Dumanis's [requests for
9  production] seek constitute Plaintiff's criminal defense attorneys' files from the underlying
10  murder trial." (ECF No. 104 at 9). The Magistrate Judge correctly concluded that Plaintiff's
11  *Devereaux* claim "is not predicated on what she or her attorney knew during the criminal
12  proceedings. Rather, her claim is based on what Defendants knew at that time." (ECF No. 104
13  at 10). The requests for production numbers 12, 13, 34, 35, 36, 38, 39, 41, 44, and 45 do not
14  relate to any specific allegations in the Complaint which could implicitly waive the attorney-
15  client privilege or work product immunity. The Court finds that the discovery order is supported
16  by law with regards to requests for production numbers 12, 13, 34, 35, 36, 38, 39, 41, 44, and
17  45.

18  **C.    Requests for Production Numbers 19, 20, and 21**

19  Defendant Dumanis objects to the finding that Plaintiff adequately responded to
20  requests for production numbers 19, 20, and 21 which sought identification of Plaintiff's
21  documents supporting her claim of fabrication of false evidence. Defendant contends that
22  Plaintiff's response includes the entire trial transcript. Defendant contends that the voluminous
23  response was "frivolously non-responsive." (ECF No. 106-1 at 20).

24  The Magistrate Judge found that Plaintiff responded to the request by identifying
25  documents including portions of the criminal trial transcript and certain exhibits. The Magistrate
26  Judge found that Plaintiff had represented that she "identified all documents in her possession
27  responsive to this request." *Id*. at 11. The Court finds that the Magistrate Judge correctly held
28  that "Dumanis has not provided the Court with any facts or argument indicating that Plaintiff's

1 response is not truthful." (ECF No. 104 at 11).  The Court does finds that the discovery order
2 is supported by law with regards to requests for production numbers 19, 20, and 21.

## III.    Conclusion

IT IS HEREBY ORDERED that the Objection to Order Denying Defendant Dumanis' Motion to Compel Production of Documents (ECF No. 106) is GRANTED in part and DENIED in part.  Defendant Dumanis is entitled to discovery of communications between Plaintiff's criminal defense counsel and Dr. Poklis regarding whether Dr. Poklis told Defendants that there was "no evidence that Todd Sommer died of arsenic poisoning" and that the test results were "false."  (ECF No. 1 at ¶ 30).  Defendant Dumanis's Motion to Compel Production of Documents responsive to requests for production numbers 25, 26, and 46 is GRANTED with respect to communications between Plaintiff's criminal defense counsel and Dr. Poklis regarding whether Dr. Poklis told Defendants that there was "no evidence that Todd Sommer died of arsenic poisoning" and that the test results were "false."  *Id*.  Defendant Dumanis is entitled to discovery of  Plaintiff's attorney's notes regarding whether Defendant Gunn told Plaintiff's attorney that tissue samples "no longer existed" and whether Plaintiff's attorney was notified that additional tissue  samples had been located.  (ECF No. 1 at ¶¶ 53-54).  Defendant Dumanis's Motion to Compel Production of Documents responsive to requests for production numbers 27 and 40 is GRANTED with respect to whether Defendant Gunn told Plaintiff's attorney that tissue samples "no longer existed" and whether Plaintiff's attorney was notified that additional tissue samples had been located.  *Id.*  Plaintiff shall produce any additional documents responsive to requests for production numbers 25, 26, 27, 40, and 46  by no later than ten days from the date of this Order.  Defendant may file an additional motion to compel no later than twenty-five days from the date of this Order.  All discovery matters are referred to the Honorable Magistrate Judge Bernard G. Skomal pursuant to Local Civil Rule 72.1(b)

DATED: January 5, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge