# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOMMER,<br><br>                  Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA, ROB TERWILLIGER, RICK RENDON, MARK RIDLEY, S.D. ADAMS, JOSE CENTENO, COUNTY OF SAN DIEGO MEDICAL EXAMINER'S OFFICE, GLENN N. WAGNER, COUNTY OF SAN DIEGO DISTRICT ATTORNEY's OFFICE, BONNIE DUMANIS, LAURA GUNN, and DOES 1 through 100, inclusive,<br><br>                  Defendants. | CASE NO. 09cv2093 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Objection to Order Denying Without Prejudice Ex Parte Application to Amend Scheduling Order filed by Plaintiff Cynthia Sommer. (ECF No. 120).

## I. Background

    On September 24, 2009, Plaintiff Cynthia Sommer initiated this action by filing the Complaint. (ECF No. 1). Plaintiff alleges that her husband, Todd Sommer, a 23-year-old Sergeant in the United States Marine Corps, died of a cardiac arrhythmia in February of 2002. Plaintiff alleges that the results of an autopsy showed that Todd Sommer died of natural causes.

1 Plaintiff alleges that "Defendants refused to accept those results and embarked upon an
2 investigation intended to find criminal conduct" by Plaintiff. *Id.* at ¶ 21.  Plaintiff alleges
3 Defendants "knew or should have known during the investigation ... that there was no evidence"
4 that Plaintiff killed Todd Sommer. *Id.* at ¶ 32. Plaintiff alleges that she was wrongfully tried
5 and convicted for murdering her husband. Plaintiff alleges that her conviction was overturned
6 and she was granted a new trial on November 30, 2007. *Id.* at 52. Plaintiff asserts a claim for
7 violation of her Fourth, Fifth, and Fourteenth Amendments rights pursuant to 42 U.S.C. § 1983.
8   On December 12, 2011, Plaintiff filed an Ex Parte Application for Modification of the
9 Court's Scheduling Order to Permit Amending the Complaint. (ECF No. 107). Plaintiff
10 contends that the last depositions were completed on October 24, 2011, and "[d]uring the course
11 of deposition, Plaintiff learned for the first time about key evidence relating to the allegations
12 in Plaintiff's Complaint." *Id*. at 2. Plaintiff contends that "[t]he proposed First Amended
13 Complaint alleges new facts to prove claims already made in the Complaint." *Id*. at 5. Plaintiff
14 states that "Plaintiff has not named any new parties that will need to be served." *Id*. Plaintiff
15 did not submit a copy of the proposed First Amended Complaint or identify the new facts to be
16 alleged.
17   On December 21, 2011, the Honorable Magistrate Judge Bernard G. Skomal issued an
18 Order Denying Without Prejudice Ex Parte Application to Amend Scheduling Order. (ECF No.
19 118). The Magistrate Judge did not find that Plaintiff showed good cause for modifying the
20 scheduling order.
21   On December 23, 2011, Plaintiff filed an Objection to the Magistrate Judge's Order.
22 (ECF No. 120). On January 18, 2012, Defendants Dumanis, Gunn and Wagner filed an
23 Opposition. (ECF No. 129). On January 18, 2012, the United States filed an Opposition. (ECF
24 No. 130). On January 25, 2012, Plaintiff filed a Reply. (ECF No. 132).
25 **II.   Discussion**
26   Plaintiff objects to the Magistrate Judge's Order denying her motion to modify the
27 scheduling order to allow her to file a motion for leave to file an amended complaint. Plaintiff
28 contends that she showed good cause for modifying the scheduling order. Plaintiff contends that

Defendants will not be prejudiced by allowing a modification of the scheduling order because the deadline for filing of dispositive motions could be extended as well and additional time could be given for discovery.[1]

"Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must consider timely objections [to nondispositive matters] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. v. Constr. Laborers Pension Trust,* 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

Federal Rule of Civil Procedure 16 states that "A schedule may be modified only for good cause and with the judge's consent." When the motion to extend time is made after time has expired, "the court may, for good cause, extend the time ... if the party failed to act because of excusable neglect." Fed. R. Civ. P 6(b)(1). The determination of excusable neglect takes into account: "(1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234-35 (D. Kan. 2007).

---

[1] On December 16, 2011, Defendants County of San Diego District Attorney's Office, County of San Diego Medical Examiner's Office, Bonnie Dumanis, Laura Gunn, Glenn N Wagner filed a Motion for Summary Judgment. (ECF No. 112). On December 16, 2011, the United States filed a Motion for Summary Judgment. (ECF No. 114).

"When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing '(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order.'" *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted)).

The Magistrate Judge found that Plaintiff completed all fact witness depositions more than three months before seeking to modify the scheduling order. The Magistrate Judge found that Defendants may be prejudiced by allowing Plaintiff to amend the scheduling order after discovery ended. The Magistrate Judge stated:

> In order for the Court to determine that Plaintiff was diligent in seeking amendment, Plaintiff must first specify what new and previously unavailable facts she learned during depositions and the particular dates these facts were learned. Plaintiff must also specify why the need to amend the pleadings could not have been reasonably foreseen or anticipated during any of the previous amendments to the scheduling order. In addition, Plaintiff must adequately explain why she waited at least three months after learning the new facts before filing her motion to amend. Accordingly, the Court does not find that Plaintiff has established good cause to amend the schedule at this late stage in the case.

(ECF No. 118 at 3-4). The Magistrate Judge denied Plaintiff's request to modify the scheduling order without prejudice. The Court does not find that the Magistrate Judge's order is clearly erroneous or contrary to law.

### III. Conclusion

IT IS HEREBY ORDERED that the Objection to Order Denying Without Prejudice Ex Parte Application to Amend Scheduling Order (ECF No. 120) filed by Plaintiff is DENIED.

DATED: February 3, 2012

**WILLIAM Q. HAYES**
United States District Judge