ROBERT E. ROSENTHAL (SBN 67343)
ANDREW B. KREEFT (SBN 126673)
BOHNEN, ROSENTHAL & KREEFT
787 Munras Avenue, Suite 200
P.O. Box 1111
Monterey, CA 93942-1111
Telephone:    (831) 649-5551
Facsimile:    (831) 649-0272

STEPHAN A. BARBER (SBN 70070)
DANIEL P. MCKINNON (SBN 234749)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA  95113
Telephone:    (408) 287-6262
Facsimile:    (408) 918-4501
Email: sbarber@rmkb.com

Attorneys for Plaintiff
CYNTHIA SOMMER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SOMMER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ROB TERWILLIGER, RICK RENDON, MARK RIDLEY, S.D. ADAMS, JOSE CENTENO, COUNTY OF SAN DIEGO MEDICAL EXAMINER'S OFFICE, GLENN N. WAGNER, COUNTY OF SAN DIEGO DISTRICT ATTORNEY'S OFFICE, BONNIE DUMANIS, LAURA GUNN, and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.  09cv2093-WQH (BGS)<br><br>**PLAINTIFF CYNTHIA SOMMER'S OPPOSITION TO DEFENDANTS' BILLS OF COSTS**<br><br>Date:      January 6, 2014<br>Time:     9:30 a.m.<br>Dept.:    Clerk's Office<br>              333 Broadway,  Ste. 420<br>              San Diego, CA 92101<br><br>**[Telephonic Hearing – No Personal Appearance Required]** |

Plaintiff hereby submits the following brief in opposition to Defendants' bill of costs

pursuant to Federal Rules of Civil Procedure Rule 54(d).

I.

**THE COURT MAY EXERCISE ITS DISCRETION TO DENY COSTS WHEN THE ISSUES LITIGATED WERE DIFFICULT, CLOSE AND OF PUBLIC IMPORTANCE.**

A court may exercise its discretion under Federal Rule of Civil Procedure 54(d) to deny costs where the issue presented is a close or difficult legal question. Haddon Zia v. Med. Staffing Network, Inc., 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (denying costs where issue presented was a "close legal question"); Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004) (denying costs to a prevailing party may be warranted when issues in case are difficult and close).

It may also be appropriate for a court to deny costs in a case presenting issues of public importance. Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000) (affirming denial of costs to prevailing Defendants in a civil rights action because, in part, case presented issues of public importance affecting thousands of people and the state's school system and the issues were close and complex), White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730-31, 733 (6th Cir. 1986) (affirming denial of costs based in part on difficulty of the case); or where taxing costs would chill the prosecution of related actions. U.S. ex rel. Pickens v. GLR Constructors, Inc., 196 F.R.D. 69, 77 (S.D. Ohio 2000) (defendant not entitled to costs in employee's False Claims Act suit due to chilling effect that taxing of costs would have on future FCA actions, public benefit of the case, and difficulty of the case, among other considerations.

In considering whether costs should be paid by Plaintiff Cynthia Sommer, the Court should take into account the various difficult and complex issues which were litigated in this matter. As the Court is aware, the subject matter of this case centered on the analysis of scientific test results, testing procedures and other related technologies contained in thousands of pages of documents across many different medical and scientific disciplines. The evidence itself originated in various scientific laboratories across the United States and Canada, which had to be analyzed by many experts retained by the various parties. Quite simply, the evidence in this was indeed complicated and difficult in nature.

PLAINTIFF CYNTHIA SOMMER'S OPPOSITION TO DEFENDANTS' BILLS OF COSTS
Case No: 09cv2093-WQH (BGS)

1       Moreover, despite the fact that Court's rulings on the summary judgments were not

2 resolved in Plaintiff's favor, there should be no question that the extensive litigation process,

3 including, namely, the depositions and extensive discovery completed, were beneficial not only to

4 Plaintiff but to Defendants as well. The litigation was necessary in order to determine the

5 sequence of events leading to the errors that led to the prosecution of Plaintiff and her subsequent

6 imprisonment.  Since the citizens of the state and the public interest should demand that the

7 government be accountable for its undertaking of testing and use of evidence in the criminal

8 prosecution of persons presumed innocent, Plaintiff should not be taxed for costs that inured a

9 benefit to the government as the result of the litigation that examined the complex issues that led

10 to its decisions in the underlying criminal matter against Plaintiff. To date, despite their efforts to

11 herald themselves as a prevailing party, Defendants have not been able to identify the sources of

12 the contaminated samples, or the inconsistencies of levels of arsenic of samples it had.

13       The Court should examine Plaintiff's options at the time before she filed suit. The costs

14 that were incurred in this process should not be taxed against Plaintiff because it is obvious that

15 any reasonable person under her circumstances would have undertaken the effort to pursue a

16 lawsuit against Defendants involved to determine why exactly the government failed to provide

17 and/or scrutinize certain testing samples that would have allowed her to be fairly investigated and

18 tried. Holding Plaintiff liable for these costs would undermine the right of persons in her

19 circumstances for exercising her constitutional right to challenge the wrongful imprisonment of a

20 person after the government was forced to release her from prison for errors that had not been

21 fully understood at the time of her release. For these reasons, Plaintiff asks that Defendants not be

22 rewarded with costs incurred in the past as the result of the later happenstance that the Court

23 recently found in their favor on the recent motions for summary judgment.

24

25

II.

**THE COURT HAS DISCRETION TO FIND THAT IT WOULD BE UNJUST TO TAX COSTS AGAINST PLAINTIFF UNDER THE CIRCUMSTANCES OF THIS CASE.**

26

27       "A prevailing party bears the burden of establishing the amount of costs to which it is

28 entitled." In re Williams Securities Litig.-WCG Subclass, 558 F.3d 1144, 1148 (10th Cir. 2009).

3

1  ("[T]he [district] court has broad discretion in determining whether, and on what conditions, to

2  apportion costs …. [T]he general rule is that a district court, in exercising equitable discretion,

3  may apportion costs between the prevailing and nonprevailing parties as it sees fit.'"). <u>Zopatti v.</u>

4  <u>Rancho Dorado Homeowners Ass'n</u>, No. 01CV1091 DMS (WVG), 2012 U.S. Dist. LEXIS 3464,

5  <u>Id</u>. at 2-3 (S.D. Cal. Jan. 10, 2012) "[A] federal court may tax … cost[s] under the discretionary

6  authority found in Rule 54(d) …. The rule creates a presumption in favor of awarding taxable

7  costs to a prevailing party, but vests in the district court discretion to refuse to award them." <u>Id</u>.

8        The Court "has the discretion to deny an award of costs," where "there would be an

9  element of injustice in a presumptive cost award." <u>Ellis v. Grant Thornton LLP,</u> 434 Fed. Appx.

10  232, 235 (4th Cir. 2011). In exercising this discretion, courts generally consider five factors: "(1)

11  misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the

12  excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's

13  victory; or (5) the closeness and difficulty of the issues decided." <u>Id</u>.

14        Aside from the fifth factor already discussed in the previous section, the second and fourth

15  factor also weigh in not taxing costs to Plaintiff.  In regard to Plaintiff's ability to pay the costs

16  incurred under the second factor, it is well documented throughout the pleadings in this matter

17  that Plaintiff has been attempting to put her life together after being incarcerated for more than

18  two and a half years and losing custody of her children. Thus, her ability to pay for these costs is

19  doubtful by the very actions of Defendants.  Under the fourth factor, Defendants' contention they

20  have prevailed is, at best, a limited value considering that Defendants failed to prove how the

21  "later found" specimens at issue were not contaminated by the government, or even what the

22  source of the contamination was, and much less, that any of the respective Defendants did not

23  have a role in the wrongful prosecution of Plaintiff. For these reasons, the factors in favor of the

24  Court's discretion to tax costs against Plaintiff should not be exercised.

25  **III.**

26  **DEFENDANTS' BILLS OF COSTS INCLUDE SEVERAL ITEMS THAT ARE NOT**

27  **PROPERLY RECOVERABLE AND ARE OTHERWISE EXCLUDABLE**

28        In addition to the reasons outlined in the above sections, Plaintiff respectfully asks the

Court to not award any costs in the following categories.

a. Depositions

Defendants make improper claims for deposition transcript costs that should be denied for several reasons.

First, Defendants have failed to properly itemize the expenses for deposition transcripts in a way that would allow the opposing parties or the Court to understand the necessity for the expenses claimed. In a similar situation, the Southern District has chastised litigants for failing to provide the requisite details of deposition transcript costs, stating:  Defendants are not entitled to unreasonable deposition costs "[b]ecause the invoices are not itemized and Defendants provided no explanation for the disproportionate expense, the requested amounts are deemed unreasonable in their entirety." Zopatti v. Rancho Dorado Homeowners Ass'n., No. 01CV1091 DMS (WVG), 2012 U.S. Dist. LEXIS 3464 (S.D. Cal. Jan. 10, 2012) Id. at 12.

Moreover, Defendants have provided the Court with no information to determine the reasonable cost of these depositions. The burden of substantiating taxable costs is on the requesting party." Zopatti v. Rancho Dorado Homeowners Ass'n., No. 01CV1091 DMS (WVG), 2012 U.S. Dist. LEXIS 3464 (S.D. Cal. Jan. 10, 2012) Id. at 12.  Defendants have failed to meet the requisite standard for itemizing their deposition transcript costs in a reasonable way, and their requests for such costs should be denied. See, Exh. B of County Defendants' filing;  Exh. D of U.S. Defendants' filing.

Second, Defendants made several impermissible requests for costs associated with videotaped depositions, which are not allowed under Local Rule 54.1(b)(3)(b) because they were not used at trial. See, Exh. B of County Defendants' filing;  Exh. D of U.S. Defendants' filing.

Third, Defendants have made improper requests for extra deposition charges such as for expedited processing, requests for additional transcript formats, and other deposition services that are not allowed under Local Rule 54.1(b)(3)(a). The Southern District has held that local rules do not allow for the taxation of costs incurred for any charge over the basic cost of the transcripts, such as charges for expedited processing. Zopatti, 2012 U.S. Dist. LEXIS 3464, Id. at 15 ("The

1   Local Rules of this District do not allow for taxation of costs incurred for expedited processing.)

2   Exh. B of County Defendants' filing;  Exh. D of U.S. Defendants' filing.

3           b. Copies of Documents

4           Civil Local Rule 54.1(b)(6)(a)(1) only allows the recovery of the cost of copying where

5   "copies were provided either to the court or to opposing counsel either by court order, rule or

6   statute."  Moreover, Local Rule 54.1(b)(6)(c) states: "The party seeking recovery must present

7   documentary evidence in the form of affidavits describing the documents copied, to whom they

8   were provided, the number of pages copied, and the cost per page, and the use of or intended

9   purpose for the items copied ….In the absence of a specific showing, recovery must be denied."

10          Unlike the tallies submitted by the U.S Defendants, nowhere in the County Defendants'

11  bill of costs or supporting materials does the County describe the purpose for which specific

12  material was copied or printed, why the amounts of copies were necessary, or whether the copies

13  were made in connection with a motion or pleading that was required to be provided to the Court

14  or opposing counsel.  Furthermore, for several amount totals, there is no indication of the cost per

15  page, leaving the parties with no way to assess the reasonableness of the amounts claimed. See,

16  Exh. D of County Defendants' filing;  Exh. A and B of U.S. Defendants' filing.

17          Moreover, the County Defendants' improperly submitted certain costs (Exh. D) for the

18  mere reason that the charges were "necessary in preparing for the defense of this case" as alleged

19  by the County in its brief (page 4:18-20).  However, these costs are disallowed pursuant to Local

20  Rule 54.1(b)(6)(b).  These copies are also disallowed because they were not copied as the result

21  of a court order or by a statute or rule are not taxable under Local Rule 54.1(b)(6)(a)(1). See, Exh.

22  D of County Defendants' filing.

23          As such, the Court should deny all of the Defendants' requests for copying costs on the

24  grounds that Defendants have failed to provide the necessary details of their copying expenses as

25  required by the Civil Local Rules.  Fuszek v. Royal King Fisheries, Inc., 98 F. 3d 514, 518 (9th

26  Cir. 1996) (finding no abuse of discretion where district court denied copying costs because of

27  party's failure to itemize expenses).  Since they have not met their burden of making a specific

28

1   showing required for taxation of copying costs, this is sufficient reason to deny Defendants'
2   requests in their entirety.

3       c. Electronic Printing Costs

4       It appears that under the label of printing costs, the US Defendants have claimed an
5   amount of costs that may be related to certain disallowed costs associated with the electronic
6   processing of documents (Exh. A and B). This is improper because the Ninth Circuit has
7   expressly disallowed costs associated with the electronic and/or intellectual effort involved in the
8   production of documents. Zuill v. Shanahan, 80 F.3d 1366, 1371 (9th Cir. 1996). Exh. A and B
9   of U.S. Defendants' filing.

10                      IV.

11  **DEFENDANTS' BILLS OF COSTS HAVE NOT BEEN PROPERLY SUBSTANTIATED.**

12      Local Rule 54.1 specifically states that the "bill of costs must itemize the costs claimed
13  and must be supported by a memorandum of costs, an affidavit of counsel that the costs claimed
14  are allowable by law, are correctly stated, and were necessarily incurred, and copies of the
15  invoices for requested costs."

16      Here, neither set of Defendants submitted the required affidavits in support of their costs
17  bills. As such, Defendants have simply not met their burden in seeking costs against Plaintiff.

18                      V.

19
20                  **CONCLUSION**

21      For the reasons discussed herein, Plaintiff respectfully requests that the Court exercise its
22  discretion to find that Defendants have not made the minimum showing to attain costs from her.

23  December 31, 2013                 BOHNEN, ROSENTHAL & KREEFT

24

25

26                                   ROBERT E. ROSENTHAL
                                     Attorney for Plaintiff Cynthia Sommer
27

28

# PROOF OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in the County of Monterey, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 787 Munras Avenue, Suite  200, P.O. Box 1111, Monterey, California 93942.

On this date, I served the foregoing document described as **PLAINTIFF CYNTHIA SOMMER'S OPPOSJITION TO DEFENDANTS' BILLS FOR COST** on the party(ies) listed below in this action as follows:

**See Attached Service List**

____X____ BY MAIL (CCP §1013a): By placing a copy(ies) thereof in a sealed envelope(s) addressed to the above-listed person(s) and place(s) of business.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States postal service on that same day with postage thereon fully prepaid at Monterey, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **BY FACSIMILE (CCP '1013e)**:  The above-referenced document(s) was faxed to the above-listed person(s) and/or place(s) of business at the above-listed fax number(s).  The facsimile machine used complies with California Rules of Court, Rule 2003(3), and no error was reported by the machine.

_____ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF systems send an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

_____ **BY HAND DELIVERY (CCP '1011)**: The above-referenced document was hand delivered to the above-listed person(s) and/or place(s) of business.

_____ **BY FEDERAL EXPRESS/EXPRESS MAIL (CCP '1013c)**: I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery.

_____ **By e-mail Pursuant to Civil Code §1350.7**, I scanned and emailed correct copies of the above-entitled documents above to (See attached Service List).

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.  Executed on December 31, 2013 at Monterey, California.

Laura Hicks

## ATTACHED SERVICE LIST

Stephen A. Barber, Esq
Daniel P. McKinnon, Esq.
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA 95113
Fax (408) 918-4501
sbarber@rmkb.com
dmckinnon@rmkb.com
Attorneys for Plaintiff Cynthia Sommer

Beth A. Clukey
Assistant U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Fax (619) 557-5004
Beth.clukey@usdoj.gov
Attorneys for Defendant United States of America

Thomas E. Montgomery, Esq.
Morris G. Hill, Esq.
1600 Pacific Highway, Room 355
San Diego, CA 92101
Fax (619) 531-6005
morris.hill@sdcounty.ca.gov
Attorneys for Defendants Bonnie Dumanis, Laura Gunn and Glenn N. Wagner